UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
EVELYN GOMEZ,                                    Case No. 15 CV 7293
                Plaintiff,

  -against-                                       **COMPLAINT**

THE CITY OF NEW YORK, P.O. SELEGEAN            JURY DEMAND
ALLEN [SHIELD # 5009], JOHN DOE and
JANE DOE #1-4 (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),
                Defendants.
---------------------------------------------------------------------X

Plaintiff, EVELYN GOMEZ, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Selegean Allen [Shield # 5009] and John Doe and Jane Doe #1-4 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of Defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of Defendant City.

10. Defendant P.O. Selegean Allen [Shield # 5009] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendants John Doe and Jane Doe #1-4 were at all times material herein individuals employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants P.O. Selegean Allen [Shield # 5009] and John Doe and Jane Doe #1-4 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about June 13, 2014, at approximately 6:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at or within the vicinity of 406 East Fordham Road, Bronx, New York, and charged plaintiff with PL 165.30(1) 'Fraudulent accosting', among other charges.

15. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to the June 13, 2014 arrest, plaintiff was passing through the vicinity of 406 East Fordham Road, Bronx, New York, when he ran into one of her friends, Clovis Seltzer.

17. Upon the chance encounter, Mr. Seltzer and the plaintiff attempted to catch up with one another.

18. As plaintiff and Mr. Seltzer were engaged in a brief conversation, defendant officers bum-rushed Mr. Seltzer and the plaintiff and arrested them.

19. Defendant officers tightly handcuffed the plaintiff with her hands placed behind her back.

20. After tightly handcuffing the plaintiff, defendant officers forcibly grabbed the plaintiff and slammed her down to the floor.

21. Defendant officers then proceeded to forcibly push, pull, kick, hit and stomp all over the plaintiff causing the plaintiff to sustain serious bodily injuries including, but not limited to, injuries to her facial areas, head, back, arms, legs, wrists, knees and shoulders.

22. Eventually, defendant officers forcibly pushed the plaintiff into their police vehicle and drove away.

23. Defendant officers detained the plaintiff in their said vehicle for approximately five (5) hours.

24. During entire period of time that the plaintiff was detained in said police vehicle, defendant officers were merely driving around from one place to the other.

25. In addition, defendant officers turned off the air condition in the back of the vehicle where the plaintiff was held and detained making it extremely hot and unbearable.

26. Because of her injuries, and because the plaintiff was also caused to become sick as a result of the entire ordeal, the plaintiff requested to be transported to the hospital for medical care and attention.

27. Defendants ignored plaintiff's entreaties for medical care and attention.

28. Eventually, plaintiff was transported to the NYPD-48th Precinct.
29. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.
30. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Bronx County District Attorney's Office.
31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offenses.
32. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.
33. Eventually, the prosecutors determined that there was no evidence of any crimes committed by the plaintiff.
34. As a result, the prosecutors declined to prosecute the plaintiff.
35. Eventually, after detaining the plaintiff for a lengthy period of time, defendants summarily released the plaintiff from her unlawful detention.
36. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.
37. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.
38. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 - against defendant officers

39. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. The conduct of the individual officers, as described herein, amounted to false arrest, excessive use of force, conspiracy, failure to intervene, unreasonable search and seizure, unreasonable detention, deliberate indifference, fabrication of evidence, denial of equal protection of the laws, discrimination and denial of due process rights.

41. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

42. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

45. Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally

stopping, frisking, searching, seizing, abusing, humiliating, degrading, assaulting, and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns, robbery and/or other illicit activities.

46. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

47. In addition to the named individual defendants, several officers of the NYPD assigned to NYPD-48th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

48. Most of the arrests and charges made by officers assigned to NYPD-48th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

49. Defendant City has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-48th Precinct concerning similar arrests and charges as those described herein. *See, e.g., Clovis Seltzer v. City of New York* (15 CV 1456); *Kenneth Kelly v. City of New York* (13 CV 3878); *Nancy Smith v. City of New York* (10 CV 9331).

50. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

51. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

6

particular, the right to be secure in her person and property, to be free from abuse and the use of force and the right to due process.

52. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

53. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

55. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully,

knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

57. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: TORTS - against defendant officers

58. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The conduct of the individual officers, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, and negligent and intentional infliction of emotional distress.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 inclusive, with the same force and effect as though more fully set forth at length herein.

62. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

63. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

64.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were not prudent and were potentially dangerous.

65.     Upon information and belief, defendant City's negligence in hiring and retaining the individual defendants proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.     For compensatory damages against all defendants in an amount to be proven at trial;

    b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.     For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       September 14, 2015

                            UGO UZOH, P.C.

                            /s/

                By:   Ugochukwu Uzoh (UU-9076)
                      Attorney for the Plaintiff
                      304 Livingston Street, Suite 2R
                      Brooklyn, N.Y. 11217
                      Tel. No: (718) 874-6045
                      Fax No: (718) 576-2685
                      Email: u.ugochukwu@yahoo.com